[Cite as *State v. Alexander*, 2022-Ohio-2430.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No.  L-21-1129

          Appellee                                      Trial Court No.  CR0202002270

v.

Jahmyar Alexander                                       **DECISION AND JUDGMENT**

          Appellant                                     Decided:  July 15, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Catherine Meehan, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 28, 2021 judgment of the Lucas County Court

of Common Pleas, sentencing appellant to an indefinite term of incarceration, ranging

from a minimum term of seven years to a maximum term of ten and one-half years, and a

three-year term of post-release control, following appellant's guilty plea on one count of aggravated vehicular homicide, in violation of R.C. 2903.06, a felony of the second degree.

{¶ 2} In exchange for the plea, a second count of aggravated vehicular homicide, in violation of R.C. 2903.06, a felony of the third degree, was dismissed. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Jahmyar Alexander, sets forth the following four assignments of error:

I. THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA AFTER FAILING TO NOTIFY APPELLANT OF THE MAXIMUM PENALTIES AND INELIGIBILITY FOR PROBATION DURING THE CRIM.R. 11 PLEA COLLOQUY.

II. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESERVE THE ISSUE OF DISPROPORTIONATE SENTENCING[,] THEREBY PRECLUDING APPELLANT FROM RAISING THE ISSUE ON APPEAL.

III. THE TRIAL COURT ERRED IN IMPOSING AN INDEFINITE PRISON TERM OF SEVEN [YEARS] TO TEN AND ONE-HALF YEARS.

2.

IV.  THE TRIAL COURT ERRED IN IMPOSING AN
INDEFINITE TERM AS THE REAGAN TOKES LAW VIOLATED
APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS [].

{¶ 4} The following undisputed facts are relevant to this appeal.  On the evening of August 8, 2020, a 28-year-old Toledo woman and mother of a nine-year-old son, was driving northbound on Douglas Rd. in West Toledo, travelling to work at an area restaurant.

{¶ 5} On this same date and time, appellant, whose criminal history includes four driving under the influence offenses, and several drug abuse offenses, was simultaneously driving southbound on Douglas Road, heading directly towards the victim, coming from the opposite direction.

{¶ 6} Appellant was driving while under the influence of both alcohol and marijuana at the time of this incident.  Testing revealed that appellant's blood alcohol level was .16%, twice the legal limit, as well having a significant level of THC, a psychoactive component of marijuana, present in his system.

{¶ 7} While compromised from the above-described consumption of alcohol and marijuana, appellant drove his vehicle across the centerline of Douglas Rd. and struck the victim's vehicle head-on.  The collision caused catastrophic, fatal injuries to the victim. She was transported by emergency responders to Toledo Hospital, where she died as a result of her injuries shortly thereafter.

3.

{¶ 8} On October 14, 2020, appellant was indicted on two counts of aggravated vehicular homicide, in violation of R.C. 2903.06, felonies of the second and third degree, respectively. On October 20, 2020, appellant entered not guilty pleas and counsel was appointed.

{¶ 9} On April 16, 2021, following negotiations between the parties, appellant pled guilty to the first count of aggravated vehicular homicide, in violation of R.C. 2903.06, a felony of the second degree. In exchange, the second count was dismissed.

{¶ 10} The record reflects that during the change of plea colloquy, the trial court thoroughly explained to appellant the implications of the change of plea upon appellant's rights. In addition, the trial court fully reviewed the details with appellant of Ohio's indefinite sentencing statutory provisions, as applied to appellant's case.

{¶ 11} Following these discussions with appellant, the trial court expressly confirmed that appellant understood that, as a result of his change plea, a minimum, mandatory term of incarceration would be imposed ranging between two years and eight years. Appellant affirmed his understanding.

{¶ 12} The trial court then reviewed the exact mathematical calculations with appellant equating the potential maximum term of incarceration of 12 years. Appellant affirmed his understanding.

4.

{¶ 13} The trial court next notified appellant that he would also serve a three-year term of post-release control, following his release from incarceration. Appellant affirmed his understanding.

{¶ 14} At the conclusion of the colloquy, appellant conveyed to the trial court, "I'm very guilty. I know what I did was wrong." Appellant's change of plea was then accepted by the trial court.

{¶ 15} On May 28, 2021, the case proceeded to sentencing. Appellant's counsel provided a statement to the trial court on appellant's behalf.

{¶ 16} Counsel for appellant stated, "[H]e was, literally, drinking before he was driving and had alcohol in the car with him * * * There is no excuse for the fact he was driving intoxicated that day * * * [H]e has accepted responsibility for his actions * * * [H]e made a concerted effort to seek treatment even without the court's order."

{¶ 17} The victim's mother next shared with the trial court a poignant victim impact statement.

{¶ 18} She articulated regarding the loss of her daughter, "She had a name. She had a life, and she had a purpose. That life was ripped from this world tragically on August 8, 2020 * * * when [appellant] selfishly and deliberately chose to get behind the wheel of a vehicle after consuming enough alcohol and drugs to impair his ability to safely and lawfully operate the vehicle."

5.

{¶ 19} Her victim impact statement described the life-altering impact on the victim's young son following the sudden, unexpected death of his mother.

{¶ 20} She conveyed, "He's been struggling with his feelings and with the acceptance of his mother's untimely death * * * He cries himself to sleep wishing his mom were here with him * * * It has taken the joy away from him when doing activities that he and his mom had done."

{¶ 21} The victim impact statement also discussed the admirable qualities of the deceased and the anguished reaction of the victim's family and friends upon learning that appellant had multiple prior driving under the influence and drug abuse offenses in the several-year period preceding this incident.

{¶ 22} The victim's mother conveyed, "And what makes it even harder to accept is that this is not his first, second, or even his third time that he has made that exact same decision and had gotten caught in doing it."

{¶ 23} In addressing the court on his own behalf, appellant expressed regret and remorse. Appellant described his challenges, but also accepted accountability for his actions.

{¶ 24} Appellant first stated, "Alcohol and weed have been a part of my life since I've been breathing. It was something that was necessary to exist * * * My mom—my mom—my mom was just horrible. She really did a number on me."

6.

{¶ 25} Appellant further added, "I just want to say there's nothing I can do or say that can take back the pain that I have caused * * * If there was any way I could bring her back, I would."

{¶ 26} Appellant concluded, "*I understand that I have to go away for some time as a punishment for what happened*." (Emphasis added).

{¶ 27} Following all of the aggravating and mitigating statements being presented for consideration, the trial court sentenced appellant to an indefinite term of incarceration, ranging from a mandatory, minimum term of seven-years to a maximum term of ten and one-half years, in addition to a three-year term of post-release control. This appeal ensued.

{¶ 28} For purposes of clarity and efficiency, we will address appellant's assignment of error in a revised order, commencing with the third assignment of error, the determination of which likewise resolves the second assignment of error. We then will conclude with the first and fourth assignments of error.

{¶ 29} In the third assignment of error, appellant asserts that the trial court's sentence did not comport with R.C. 2929.11 felony sentencing principles.

{¶ 30} In support, appellant argues, "Appellant's sentence was not commensurate with the principles and purposes of felony sentencing provided in R.C. 2929.11." Appellant then maintains that the disputed felony sentence should be modified pursuant to R.C. 2953.08(G)(2). We do not concur.

7.

{¶ 31} Of consequence to the third assignment of error, recent Ohio Supreme Court decisions reflect that appellate courts may not de novo review, differ with a trial court's R.C. 2929.11 and R.C. 2929.12 considerations, and then modify the sentence prefaced upon R.C. 2953.08(G)(2).

{¶ 32} In *State v. Jones*, 163 Ohio St.3d 649, 2020-Ohio-6729, 169 N.E. 3d 242, the Ohio Supreme Court recounted the legal issue before it for determination, "The state sought this court's discretionary review on one proposition of law: 'R.C. 2953.08(G)(2) does not allow a Court of Appeals to review the trial court's findings made pursuant to R.C. 2929.11 and R.C. 2929.12.' We accept jurisdiction." *Jones* at ¶ 16.

{¶ 33} In chief support of the above-quoted proposition of law, the state argued, "R.C. 2953.08(G)(2)(a) permits a sentence to be modified or vacated due to a lack of support in the record *only with respect to findings made pursuant to several specifically identified statutes – and R.C. 2929.11 and 2929.12 are not among them*." *Id.* at ¶ 21. (Emphasis added).

{¶ 34} In ultimately finding in favor of the state's proposition of law, the Ohio Supreme Court held, in pertinent part, "*Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12*." *Id.* at ¶ 42. (Emphasis added).

8.

{¶ 35} Consistently, the Ohio Supreme Court subsequently held in *State v. Toles*, Slip Opinion No. 2020-1242, 2021-Ohio-3531, ¶ 10, "*R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12.*"  (Emphasis added).

{¶ 36} Thus, in accordance with the Ohio Supreme Court decisions set forth in *Jones* and *Toles*, we find that the legal premise submitted in support of appellant's third assignment of error, asserting that the underlying felony sentence in this case should be modified pursuant to R.C. 2953.08(G)(2) based upon a review by this court of the trial court's R.C. 2929.11 considerations, is directly counter to the above-discussed governing statutes and precedent and is, therefore, without merit.

{¶ 37} Wherefore, we find appellant's third assignment of error not well-taken.

{¶ 38} In appellant's second assignment of error, appellant asserts that trial counsel was ineffective.

{¶ 39} In support, appellant specifically alleges the trial counsel was ineffective in failing to object to appellant's sentence premised upon the same substantive legal basis that was set forth in appellant's above-discussed third assignment of error.

{¶ 40} Appellant argues, "Trial counsel failed to object or argue that appellant's prison term was inconsistent with the purposes of felony sentencing * * * R.C. 2929.11 provides that felony sentences shall be guided by the overriding purposes of sentencing."

9.

**{¶ 41}** It is well-established that in order to demonstrate ineffective assistance of counsel, one must satisfy a two-pronged test. First, it must be shown that counsel's representation was deficient, falling below an objective standard of reasonableness. If the first-prong is satisfied, then it must be further shown that, but for those deficiencies, the outcome of the matter would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶ 42}** Based upon the foregoing, we find that appellant cannot demonstrate that the outcome of this case would have been different but for the failure to make an objection that is without merit given the Ohio Supreme Court rulings in *Jones* and *Toles*.

**{¶ 43}** Wherefore, we find appellant's second assignment of error not well-taken.

**{¶ 44}** Now that the interdeterminant third and second assignments of error have been addressed, we next proceed to consideration of appellant's first assignment of error.

**{¶ 45}** In appellant's first assignment of error, appellant alleges that the trial court did not comport with Crim.R. 11 in appellant's change of plea colloquy. We do not concur.

**{¶ 46}** Specifically, appellant alleges that he was, "[N]ever advised by the trial court that he was facing a mandatory term of imprisonment or that he was ineligible for probation." The record of evidence does not bear out appellant's position.

**{¶ 47}** Crim.R. 11(C)(2)(a)-(c) establishes that the acceptance of a plea in a felony case requires that the trial court determine that the defendant is making the plea

10.

voluntarily, understands the nature of the charges, the maximum penalties, understands the effect of the plea, and understands the constitutional implications of the plea.

{¶ 48} In reviewing the propriety of Crim.R. 11(C) change of plea challenges on appeal, as recently held by the Ohio Supreme Court in *State v. Dangler*, 162 Ohio St.3d. 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16, "[A] defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)."

{¶ 49} The *Dangler* court further elaborated, "[T]he questions to be answered are simply: (1) [H]as the trial court complied with the relevant provision of the rule?  (2) [I]f the court has not complied fully [] is the purported failure of the type that excuses a defendant from the burden of demonstrating prejudice? and (3) [I]f a showing of prejudice is required, has the defendant met that burden?"  *Dangler* at ¶ 17.  *See also State v. Morgan*, 6th Dist. Lucas No. L-20-1156, 2021-Ohio-3996, ¶ 15.

{¶ 50} While appellant maintains that he was not told by the trial court that a mandatory term of imprisonment would ensue from his change of plea, the transcripts of the change of plea proceedings reflect otherwise.

{¶ 51} The record reflects that during the change of plea colloquy, the trial court methodically reviewed each consequence of the change of plea with appellant, and then affirmed appellant's understanding of these consequences.

11.

{¶ 52} Of particular significance, the record reflects that the trial court inquired of appellant, prior to the change of plea, "And do you understand that the sentencing hearing * * * I will decide a minimum term * * * from the range of penalties for your crime?" Appellant replied affirmatively.

{¶ 53} The trial court next inquired of appellant, "And this is an F2, so do you understand that the range is going to be -- *this minimum is going to be between two and eight years?*" (Emphasis added). Appellant replied affirmatively.

{¶ 54} Thus, the record shows that the trial court did properly advise appellant that the effect of the plea would entail a mandatory term of incarceration, rather than create an incorrect impression that the plea would result in probation and release. As such, the *Dangler* analysis proceeds no further given that appellant has not shown a failure of the trial court to comply with Crim.R. 11(C).

{¶ 55} The trial court then reviewed the indefinite sentencing calculations with appellant, prior to inquiring, "Do you understand that the maximum term you could face would be 12 years in prison?" Appellant replied affirmatively.

{¶ 56} At the conclusion of the change of plea colloquy, appellant stated to the trial court, "I'm very guilty. I know what I did was wrong * * * *I understand that I have to go away for some time as a punishment for what happened.*" (Emphasis added).

{¶ 57} Based upon the forgoing, the record reflects that, in adherence with Crim.R. 11(C), the trial court properly advised appellant, and appellant understood, that

12.

the change of plea would culminate in appellant serving a mandatory period of incarceration.

{¶ 58} Accordingly, we find that the trial court did not breach Crim.R. 11 in the course of appellant's change of plea colloquy.

{¶ 59} Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 60} In appellant's fourth assignment of error, appellant asserts that the felony sentence imposed in this case is unconstitutional given the applicability of the Reagan Tokes Act ("Tokes") to the sentence.

{¶ 61} Tokes restored indefinite sentencing in Ohio for first and second degree felonies committed subsequent to March 22, 2019, such as the second degree felony aggravated vehicular homicide conviction underlying this appeal. *See* R.C. 2929.144.

{¶ 62} Appellant argues, "The Reagan Tokes Law allows the executive branch of the government to unilaterally, without input from the trial court, increase the minimum sentence [that] the trial court previously imposed."

{¶ 63} In further support, appellant asserts that, "The Reagan Tokes Law is unconstitutional because * * * the unelected officials at the ODRC can second guess the sound judgment of a trial court without the need to have a full hearing * * * [it] does not provide prisoners with any form of meaning hearing."

{¶ 64} Appellant explicitly alleges that Tokes infringed upon his due process rights. However, an examination of the entirety of appellant's arguments reflect that

13.

appellant is likewise disputing his sentence on the basis of the separation of powers doctrine.

{¶ 65} At the outset, we note that the record of evidence shows that appellant failed to object to his sentence upon constitutional grounds, or upon any other grounds, before the trial court.

{¶ 66} It is well-established that, "The constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986).

{¶ 67} As such, "[Appellant's] failure to raise the issue of the constitutionality of a statute or its application at the trial court level generally constitutes waiver of that issue and it need not be heard for the first time on appeal." *State v. Golden*, 10th Dist. Franklin No. 13-AP-927, 2014-Ohio-2148, 2014 WL 2156780, ¶ 11.

{¶ 68} However, even assuming arguendo that waiver had not occurred in this case, we remain unconvinced of the merits of appellant's position.

{¶ 69} As held by *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.), ¶ 10, "[U]nder the Reagan Tokes Law, the sentencing court imposes both a minimum and maximum term of incarceration and prohibits the DRC from maintaining custody of the offender past the maximum sentence imposed. *The system does not violate the separation of powers doctrine nor does it allows for the DRC to impose greater sanctions than those imposed by the sentencing court.*" (Emphasis added).

14.

**{¶ 70}** *Simmons* further elaborated, "*This sentencing scheme is not functionally different than a sentencing court imposing an indefinite sentence in which parole is a possibility * * * the Regan Tokes Law does not provide the DRC with the ability to increase the term of imprisonment for an offender and may not maintain custody past the maximum sentence imposed.*" *Simmons* at ¶ 12-13. (Emphasis added).

**{¶ 71}** Thereafter, the *Simmons* court concluded, "Because the Reagan Tokes Law provides that a court impose an indefinite sentence and does not allow the DRC to increase that sentence past the maximum imposed sentence, *the trial court erred by finding that it violates the separation of powers, thus [is] unconstitutional.*" *Id.* at ¶ 15. (Emphasis added).

**{¶ 72}** As likewise recently held by this court in *State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620, ¶ 37,

Under the Regan Tokes Law, the trial court imposes a minimum sentence and a maximum sentence. While ODRC may rebut the presumption than an offender will be released after service of his or her minimum sentence * * * *under no circumstances may it maintain an offender's incarceration date beyond the maximum term imposed by the sentencing court. As such, the executive agency does not impede the function of the judicial branch, and the constitutional doctrine of separation of powers is not violated.* (Emphasis added).

15.

{¶ 73} With respect to companion claims that the Reagan Tokes Law is inadequate on a due process basis, with respect to notice of the possibility of being maintained past the presumptive minimum term of incarceration, we recently held in *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072, ¶ 34, that the Reagan Tokes Law does not, on its face, violate the constitutional right to due process. We acknowledged that the presumption of release after service of the minimum sentence under R.C. 2967.271(C) creates a liberty interest akin to the process due an offender whose probation or parole is being revoked. We recognized, however, that because DRC had not sought to maintain appellant's incarceration beyond the presumptive minimum sentence, his challenge to the law was necessarily a facial challenge.

{¶ 74} "To prevail on a facial challenge to a statute, rule, or ordinance, it must be shown that the law or rule cannot be applied constitutionally in any circumstances." *Stenson* at ¶ 31, citing *Toney v. Dayton*, 2017-Ohio-5618, N.E.3d 179, ¶ 23 (2d Dist.), citing *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, 970 N.E.2d 898, ¶ 21. Because we found appellant failed to show that the law "cannot be applied constitutionally in any circumstances," we rejected his facial challenge to its constitutionality.

{¶ 75} Here, as in *Stenson*, DRC has not sought to maintain appellant's incarceration beyond the presumptive minimum sentence, and appellant has failed to show that the law cannot be applied constitutionally in any circumstances.

16.

**{¶ 76}** Based upon the forgoing, we find appellant's failure to object to sentencing before the trial court on the basis of the Regan Tokes Law, or on any other basis, these arguments were waived as a matter of law for purposes of this appeal.

**{¶ 77}** Irrespective of waiver, in accord with our reasoning and conclusions in *Gifford* and *Stenson*, we further find that the application of the Reagan Tokes Law to appellant's felony sentence was not unconstitutional, in violation of either the separation of powers doctrine or in violation of due process rights.

**{¶ 78}** Wherefore, we find appellant's fourth assignment of error not well-taken.

**{¶ 79}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.         _____
                                                  JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.          _____
CONCUR.                                                  JUDGE

                                                   _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.