[Cite as *State v. Allen*, 2022-Ohio-3737.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111220 |
| v. | : | |
| TYREE ALLEN, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** October 20, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-625083-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Chadwick P. Cleveland, Assistant
Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Defendant-appellant Tyree Allen ("Allen") appeals the trial court's acceptance of his guilty plea to various felonies and his associated 13-year prison sentence. After reviewing the facts of the case and pertinent law, we affirm in part,

vacate in part, and remand this case to the trial court for the limited purpose of resentencing.

## I.    Facts and Procedural History

{¶ 2}    On August 7, 2019, Allen pled guilty to the following offenses:  two counts of felonious assault in violation of R.C. 2903.11(A)(2), second-degree felonies, with three-year firearm specifications; illegal possession of firearm in liquor permit premises in violation of R.C. 2923.121(A), a third-degree felony, with a one-year firearm specification; and tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony.

{¶ 3}    On January 14, 2020, the court sentenced Allen to ten years in prison for each felonious assault conviction, to be served consecutive to three years in prison for the corresponding firearm specification; nine months in prison for the illegal possession of a firearm conviction, to be served consecutive to one year in prison for the firearm specification; and nine months in prison for the tampering conviction.  The court merged the firearm specifications and ran the remainder of the sentence concurrently, for an aggregate sentence of 13 years in prison.

{¶ 4}    On February 25, 2022, this court granted Allen leave to file a delayed direct appeal.  Allen assigns two errors for our review:

> I.    Appellant's sentence is contrary to law because the sentence imposed exceeds the statutory range and is not supported by the record.

> II.    The court erred by accepting appellant's guilty plea because it was unknowing, unintelligent, and involuntary in violation of Crim.R. 11, the Fifth, Sixth and Fourteenth Amendment[s] to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.

**{¶ 5}** We address Allen's assignments of error out of order for ease of discussion.

## II.  Crim.R. 11 Guilty Plea

**{¶ 6}** In the case at hand, Allen filed two pro se motions to withdraw his guilty plea in the trial court — one on April 23, 2020, and one on February 26, 2021. The lower court failed to rule on either motion.  This court has held that "when a trial court fails to issue a ruling on a pending motion, the appellate court generally presumes that the motions were" denied.  *State v. Larry*, 8th Dist. Cuyahoga No. 87534, 2006-Ohio-6578, ¶ 11.  On appeal, Allen refers to his pro se motions to withdraw his guilty plea, although he does not assign the denial of these motions as error.  Therefore, we review Allen's plea hearing for compliance with Crim.R. 11.

**{¶ 7}** Pursuant to Crim.R. 11(C)(2), "the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally[,] [d]etermining that the defendant is making the plea voluntarily, * * *" and informing the defendant of various constitutional rights.  Our standard of review in determining whether the trial court complied with Crim.R. 11(C) is de novo.  *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26.

**{¶ 8}** The trial court must strictly comply with Crim.R. 11(C)(2)(c), which states that the court must inform the defendant, and determine that he or she understands

> that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at

which the defendant cannot be compelled to testify against himself or herself.

*See State v. Lewis*, 8th Dist. Cuyahoga No. 107552, 2019-Ohio-1994, ¶ 8.

**{¶ 9}** Additionally, the trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b), which enumerate nonconstitutional rights including that the defendant understood "the nature of the charges and of the maximum penalty involved." *See State v. Fisher*, 8th Dist. Cuyahoga No. 109276, 2021-Ohio-1592, ¶ 8.

**{¶ 10}** The Ohio Supreme Court recently summarized appellate review of compliance with Crim.R. 11(C) as follows:

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17.

**{¶ 11}** At Allen's plea hearing, the court asked him if he understood that he was waiving the following rights by entering a plea: a trial by jury or judge; subpoena witnesses and testify on your own behalf; cross-examine government witnesses; "have the government prove your guilt by evidence beyond a reasonable doubt"; and remain silent and "no one could comment on the fact that you did not testify at trial." In response to the court's questions, Allen stated that he understood each right that he was waiving.

{¶ 12} Additionally, the court reviewed with Allen the four charges to which he was pleading guilty, including the associated firearm specifications. The court also reviewed with Allen the prison terms and fines to which he was exposed by pleading guilty to each offense. The court stated that the second-degree felonies were "possibly punishable from" two-to-eight years in prison, and the third-degree felonies "were possibly punishable from" 9-to-36 months in prison. The court also explained that, depending on certain factors, it could merge the firearm specifications or sentence them consecutively. The court explained that Allen would be subject to three years of postrelease control upon his release from prison and a violation of postrelease control may result in additional prison time.

{¶ 13} Asked if "anyone made any promises or threats in order to induce you to change your plea," Allen answered, "No, Your Honor." Allen then pled guilty in open court to the offenses at issue. The court found that Allen "knowingly and voluntarily entered his pleas with a full understanding of his Constitutional and trial rights." The prosecutor and defense counsel stated on the record that they were satisfied that Crim.R. 11 was complied with, and the court accepted Allen's guilty plea.

{¶ 14} Under the first prong of the *Dangler* test, we find that the court complied with Crim.R. 11(C)(2). Accordingly, Allen's second assignment of error is overruled. *See State v. Alexander*, 6th Dist. Lucas No. L-21-1129, 2022-Ohio-2430, ¶ 54 ("the *Dangler* analysis proceeds no further given that appellant has not shown a failure of the trial court to comply with Crim.R. 11(C)").

### III. Felony Sentencing

{¶ 15} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under * * * (C)(4) of section 2929.14 * * *" or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, the Ohio Supreme Court clarified that R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

{¶ 16} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶ 17} Pursuant to R.C. 2929.14(A)(2), the prison term for a second-degree felony "shall be a definite term of two, three, four, five, six, seven, or eight years."

{¶ 18} On appeal, Allen argues that his ten-year prison sentence for each second-degree felonious assault conviction is contrary to law because it is outside of

the statutory range.  We agree.  *See State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10 (A "sentence is contrary to law if * * * the sentence falls outside the statutory range for the particular degree of offense * * *.").  Accordingly, Allen's first assignment of error is sustained.

{¶ 19} Allen's convictions are affirmed.  Allen's prison sentence is affirmed in part and vacated in part.  The ten-year sentence for each felonious assault conviction is vacated, and this case is remanded for the limited purpose of resentencing on the underlying convictions for these two second-degree felony offenses.

{¶ 20} Judgment affirmed in part, vacated in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LISA B. FORBES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR