[Cite as *State v. Garza*, 2023-Ohio-395.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                    Court of Appeals No.  F-22-006

　　　Appellee                                Trial Court No.  21CR53

v.

Miguel Garza                                  **DECISION AND JUDGMENT**

　　　Appellant                             Decided:  February 10, 2023

* * * * *

T. Luke Jones, Fulton County Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**ZMUDA, J.**

**{¶ 1}** This matter is before the court on appeal of the judgment of the Fulton

County Court of Common Pleas, sentencing appellant Miguel Garza to a minimum,

definite prison term of four years and a maximum, indefinite prison term of six years

following his guilty plea to felonious assault in violation of R.C. 2903.11(A)(2), a felony

of the second degree.  For the reasons that follow, we affirm.

{¶ 2} On April 6, 2021, police arrested appellant following an incident at the home he shared with his grandmother, mother, and siblings. After an argument, appellant went to his bedroom and returned with a firearm and threatened to kill his family members and then himself, but the gun jammed when he pulled the trigger.

{¶ 3} On May 18, 2021, the grand jury returned a two-count indictment, charging appellant with two counts of attempted murder in violation of R.C. 2903.02(A) and 2923.02(A), with a three-year firearm specification pursuant to R.C. 2941.145(A).

{¶ 4} On March 9, 2022, appellant entered a plea of guilty to an amended Count One, charging felonious assault in violation of R.C. 2903.11(A)(2) with no firearm specification. The trial court accepted the plea and referred appellant for a presentence investigation.

{¶ 5} On April 18, 2022, the trial court held a sentencing hearing, and because the offense occurred after the effective date of R.C. 2967.271 ("the Reagan Tokes law"), imposed a definite, minimum prison term of four years, with an additional, potential maximum term of six years. The trial court dismissed Count Two of the indictment pursuant to the plea agreement.

{¶ 6} Appellant filed a timely appeal, asserting the following assignments of error:

Assignment of Error One: The trial court committed plain error when it sentenced appellant pursuant to the Regan [sic.] Tokes Law, which is unconstitutional and void.

2.

<u>Assignment of Error Two:</u>  Trial counsel rendered ineffective assistance by failing to object to the application of the Regan [sic.] Tokes Law.

{¶ 7} As an initial matter, we note that appellant seeks to hold the decision in this case in abeyance, pending ruling on remand from the Ohio Supreme Court in *State v. Maddox,* 168 Ohio St.3d 292, 2022-Ohio-764, 198 N.E.3d 292, decided March 16, 2022. The trial court sentenced appellant on April 18, 2022.  We issued our decision in *Maddox,* on remand, on April 22, 2022.  *See State v. Maddox,* 188 N.E.3d 682, 2022-Ohio-1350 (6th Dist.).  Appellant's counsel filed the notice of appeal in this case on May 3, 2022, followed by the appellant's brief on July 20, 2022, after we decided *Maddox.* Accordingly, we find no basis to delay our decision, and instead, note the settled precedent that appellant's brief neither recognizes nor addresses.

{¶ 8} Appellant challenges the constitutionality of the Reagan Tokes law, which provides for a definite minimum sentence and an additional, potential maximum sentence for qualifying offenses.  He argues that R.C. 2967.271 violates both the separation of powers doctrine and due process protections.

{¶ 9} We have addressed appellant's argument regarding the constitutionality of the Reagan Tokes law on several occasions, and rejected such challenges to the constitutionality of the law.  *State v. McGowan,* 2022-Ohio-4124, -- N.E.3d – (6th Dist.),

3.

¶ 7, citing *State v. Stenson,* 2022-Ohio-2072, 190 N.E.3d 1240 (6th Dist.) and *State v. Eaton,* 2022-Ohio-2432, 192 N.E.3d 1236 (6th Dist.).[1]

{¶ 10} In *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2022-Ohio-2606, we examined arguments identical to those raised by appellant in this case and rejected "Bothuel's challenges to the constitutionality of the Regan Tokes Law." *Bothuel* at ¶ 45. As to separation of powers, we relied upon our prior decisions in *State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620, *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072, and *State v. Eaton*, 6th Dist. Lucas No. L-21-1121, in which we found that the Reagan Tokes Law does not violate the constitutional doctrine of separation of powers. *Bothuel.* at ¶ 9. Further, we found that Reagan Tokes Law does not violate due process on its face. *Id.* at ¶ 43. In so doing, the majority relied upon *Stenson* and the concurrence relied upon *Eaton*.

{¶ 11} In light of our decision in *Bothuel* and the prior cases issued by this court and cited therein, and given appellant's failure to raise any different or new challenges to the Reagan Tokes Law, we find no merit to appellant's arguments challenging the validity of his indefinite sentencing under the Reagan Tokes Law. Appellant's first assignment of error is, therefore, not well-taken.

{¶ 12} Appellant next challenges the effectiveness of trial counsel, based on the failure to challenge the constitutionality of the Reagan Tokes law. The failure to raise the

---

[1] *Stenson* was decided June 17, 2022; *Eaton* was decided July 15, 2022. Following *Maddox* and prior to appellant asserting this error in his appellate brief, we also issued a decision in *State v. Gifford,* 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620 (May 13, 2022).

4.

issue of constitutionality in the trial court "generally constitutes waiver of that issue" on appeal. *State v. Alexander,* 6th Dist. Lucas No. L-21-1129, 2022-Ohio-2430, ¶ 67, quoting *State v. Golden,* 10th Dist. Franklin No. 13-AP-927, 2014-Ohio-2148, ¶ 11.[2] To demonstrate ineffective assistance, appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Leu,* 2019-Ohio-3404, 142 N.E.3d 164, ¶ 47 (6th Dist.), citing *State v. Martin*, 151 Ohio St.3d 470, 2017-Ohio-7556, 90 N.E.3d 857, ¶ 48, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.E.2d 674 (1984).

{¶ 13} Considering our established precedent, rejecting the same constitutional challenges to the Reagan Tokes law raised by appellant on appeal, trial counsel's challenge on these same grounds would have been a futile act. The failure to raise the challenge, therefore, does not necessarily constitute ineffective assistance of counsel, as the failure to perform a "futile act" does not satisfy the standard of deficiency and prejudice. *Id.,* citing *State v. Conkright,* 6th Dist. Lucas No. L-06-1107, 2007-Ohio-5315, ¶ 50. Therefore, based on the record, we find no support for appellant's challenge

---

[2] *Alexander* was also decided prior to appellant's filing of his appellate brief, and addressed the constitutionality of the Reagan Tokes law despite waiver of the issue, and determined the law was not unconstitutional "in violation of either the separation of powers doctrine or * * * due process rights." *State v. Alexander,* 6th Dist. Lucas No. L-21-1129, 2022-Ohio-2430, ¶ 77 (decided July 15, 2022).

5.

based on ineffective assistance of counsel, and appellant's second assignment of error is not well-taken.

{¶ 14} Based on the foregoing, we affirm the judgment of the Fulton County Court of Common Pleas.  Appellant is ordered to pay the costs of the appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

Christine E. Mayle, J
CONCURS AND WRITES
SEPARATELY.

_____
JUDGE

**MAYLE, J.**

{¶ 15} I concur in the majority judgment, however, I write separately to clarify one point made by the majority in its disposition of Garza's first assignment of error. Specifically, with respect to the majority's citation to *State v. Eaton*, 2022-Ohio-2432, 192 N.E.3d 1236 (6th Dist.), it should be noted that there was a lead decision (analogizing additional term hearings to parole/probation *release* decisions and finding

6.

that the procedural safeguards afforded defendants under the Reagan Tokes Law are sufficient to pass constitutional muster) and a concurring decision (analogizing additional term hearings to parole/probation *revocation* decisions and finding that while failing to set forth adequate process in the statute itself, the Reagan Tokes Law is nevertheless capable of being enforced in a manner consistent with the process due an offender). It is for the reasons detailed in the concurring decision that I believe Garza's first assignment of error should be found not well-taken.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.