[Cite as *State v. Simmons*, 2021-Ohio-939.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellant,          :

                 No. 109476

        v.                         :

DANAN SIMMONS, JR.,                      :

    Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 25, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638591-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, *for appellee*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} The trial court did not impose an indefinite sentence per Am.Sub.S.B. 201, the Reagan Tokes Law and the state of Ohio appeals. Because the provisions requiring a sentencing court to impose an indefinite sentence under the Reagan

Tokes Law are constitutional, we reverse the sentence imposed and remand this matter for resentencing.

I.     PROCEDURAL HISTORY AND FACTS

{¶ 2}    Danan Simmons, Jr., appellee, was indicted on March 27, 2019, for the offenses of having weapons while under disability, drug trafficking, two counts of drug possession, and possession of criminal tools.  The charges included various firearm and forfeiture specifications.  On December 17, 2019, Simmons entered guilty pleas to one count of having weapons while under disability in violation of R.C. 2923.13, a felony of the third degree; one count of drug trafficking in violation of R.C. 2925.03 with a one-year firearm specification pursuant to R.C. 2941.141, a felony of the second degree; and one count of drug possession in violation of R.C. 2925.11, a felony of the fifth degree.

{¶ 3}    On January 30, 2020, at the sentencing hearing, the trial court found the Reagan Tokes Law, Am.Sub. S.B. 201, 2018 Ohio Laws 157, unconstitutional.  Specifically, by adopting an opinion from the Hamilton County Court of Common Pleas, *State v. Oneal*, Hamilton C.P. No. B 1903562, 2019 WL 7670061 (Nov. 20, 2019), the trial court held that the indefinite sentencing scheme enacted under the Reagan Tokes Law violated the constitutional doctrine providing for the separation of powers.  The opinion further holds that the administrative process that allows the Department of Rehabilitation and Correction ("DRC") to keep an offender incarcerated past the stated minimum sentence deprives the offender of procedural due process.

{¶ 4} After determining that the Reagan Tokes Law was unconstitutional, the trial court sentenced appellee to an aggregate sentence of five years in prison: one year on the firearm specification to be served consecutively to a prison sentence of four years on the count of drug trafficking, a concurrent prison sentence of 18 months in prison for having a weapon while under disability, and a concurrent prison sentence of nine months for drug possession.

{¶ 5} In this appeal, the state raises one assignment of error:

> The trial court erred in finding the indefinite sentence required under S.B. 201 to be unconstitutional.

II.    LAW AND ARGUMENT

A.    THE APPEAL IS RIPE FOR REVIEW

{¶ 6} The Ohio Revised Code provides the state the right to appeal a sentence if it is contrary to law. R.C. 2953.08(B)(2). A sentence that fails to impose a mandatory provision is contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21, *State v. Bass*, 10th Dist. Franklin Nos. 14AP-992 and 14AP-993, 2015-Ohio-3979, ¶ 21, *State v. Robinson,* 8th Dist. Cuyahoga No. 85207, 2005-Ohio-5132, ¶ 27.

B.    STANDARD OF REVIEW FOR CONSTITUTIONALITY OF A STATUTE

{¶ 7} In this case, by adopting the *Oneal* opinion, the trial court found the Reagan Tokes Law unconstitutional because it violates the doctrine of separation of powers and the constitutional requirements of due process. In reviewing a claim of unconstitutionality, this court is to give a presumption of constitutionality to the

statute enacted by the legislature. *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 25. To find that a statute is unconstitutional, courts must determine "'beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *State v. Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252, 75 N.E.3d 141, ¶ 10, quoting, *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. Further, we are to resolve doubts regarding the constitutionality in favor of the statute. *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.E.3d 56, ¶ 5, quoting *State v. Gill*, 63 Ohio St.3d 53, 55, 548 N.E.2d 1200 (1992).

C.     THE REAGAN TOKES LAW IS CONSTITUTIONAL BASED ON ARGUMENTS RAISED ON APPEAL

1.     RELEVANT PROVISIONS OF REAGAN TOKES LAW

**{¶ 8}** The Reagan Tokes Law, effective March 22, 2019, amended 50 sections of the revised code and adopted four new sections. R.C. 2901.011. In general, the law provides that first-degree and second-degree felonies not already carrying a life sentence are subject to an indefinite sentencing scheme. Specifically, when imposing prison terms for offenders with first- or second-degree felony offenses, sentencing courts are to impose an indefinite sentence, imposing a stated minimum sentence as provided in R.C. 2929.14(A)(2)(a) and an accompanying maximum term as provided in R.C. 2929.144.

**{¶ 9}** Once an offender serves the required minimum term of incarceration, the law provides that the offender is presumed to be released. R.C. 2967.271(B).

However, the presumption of release may be rebutted by the DRC and the DRC may maintain the offender in custody for a reasonable period of time, not to exceed the maximum term of incarceration imposed by the sentencing court. R.C. 2967.271(D). The statute provides that the presumption of release may be overcome only if the DRC holds a hearing and finds that one or more of the following apply:

(1) (a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated, [and]

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

R.C. 2967.271(C)(1), (2), and (3).

2.    REAGAN TOKES LAW DOES NOT VIOLATE THE DOCTRINE OF SEPARATION OF POWERS

{¶ 10} In adopting the *Oneal* opinion, the trial court implicitly determined that the Reagan Tokes Law violates the separation of powers. Simmons argues that a separation of powers violation occurs because the Reagan Tokes Law creates a

sentencing system in which the DRC imposes additional time to be served by the offender.[1]  However, under the Reagan Tokes Law, the sentencing court imposes both a minimum and maximum term of incarceration and prohibits the DRC from maintaining custody of the offender past the maximum sentence imposed.  This system does not violate the doctrine of separation of powers nor does it allow for the DRC to impose greater sanctions than those imposed by the sentencing court.  *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, ¶ 27

{¶ 11} Under our form of government, the separation-of-powers doctrine "recognizes that the executive, legislative, and judicial branches of our government have their own unique powers and duties that are separate and apart from the others."  *State v. Thompson*, 92 Ohio St.3d 584, 586, 752 N.E.2d 276 (2001).  As to the separation-of-powers doctrine, the legislature has the preeminent role in determining sentencing schemes.  "[I]t is among the admitted legislative powers to define crimes; to prescribe the mode of procedure for their punishment; to fix by law the kind and manner of punishment, and to provide such disciplinary regulations for prisoners, not in conflict with the fundamental law, as the legislature deems best." *State ex rel. Atty. Gen. v. Peters*, 43 Ohio St. 629, 647, 4 N.E. 81 (1885).

{¶ 12} The Reagan Tokes Law prescribes that a sentencing court decides a minimum and maximum term of incarceration for offenders committing qualifying

---

[1] In addition to his arguments that the Reagan Tokes Law is unconstitutional, Simmons asks that this court to vacate the plea if it sustains the state's assignment of error.  However, Simmons did not appeal his conviction or timely file a cross-appeal.  As such, we do not consider this argument.  App.R. 4, *see State v. Jenkins*, 2018-Ohio-483, 106 N.E.3d 216 (8th Dist.) (Gallagher, J., concurring).

offenses. This sentencing scheme is not functionally different than a sentencing court imposing an indefinite sentence in which parole is a possibility. *See State v. Cochran*, 5th Dist. Licking No. 2019 CA 00122, 2020-Ohio-5329, ¶ 38 (Gwinn, J., dissenting) (explaining indefinite sentencing schemes in Ohio). Once the sentence is imposed, the judicial function of sentencing is complete. The DRC, as part of the executive branch of government, is vested with "absolute" discretion over parole matters. *Woods v. Telb*, 89 Ohio St.3d 504, 512, 2000-Ohio-171, 733, 733 N.E.2d 1103, citing *Peters*.

{¶ 13} The *Oneal* decision adopted by the trial court relied heavily on *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 729 N.E.2d 359 (2000), to find the Reagan Tokes Law unconstitutional. In *Bray*, the Ohio Supreme Court found that former R.C. 2967.11, which allowed the DRC to extend the time served by an offender past the maximum term imposed by the court to be unconstitutional. The court stated that "[i]n our constitutional scheme, the judicial power resides in the judicial branch. * * * The determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary." *Id.* at 136. However, the Reagan Tokes Law does not provide the DRC with the ability to increase the term of imprisonment for an offender and may not maintain an offender in prison longer than the maximum time imposed by the sentencing court. R.C. 2967.271(D). The holding in *Bray* is not applicable to the Reagan Tokes Law because it does not provide for the DRC to increase any judicially imposed sentence. *Wilburn,* 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, at ¶ 24 – 27.

{¶ 14} Further Ohio Supreme Court case law supports this conclusion. In *Woods*, the Ohio Supreme Court considered the constitutionality of R.C. 2967.28, Ohio's postrelease control statute. This section of the Revised Code allows the DRC, through the Adult Parole Authority ("APA"), to maintain a system of postrelease control after an offender is released from prison. It allows the APA to set rules for a released offender and impose sanctions on the offender for violations. This system passed constitutional review because the terms of the postrelease control statute were imposed by the sentencing court. *Woods* at 512.

{¶ 15} Because the Reagan Tokes Law provides that a court impose an indefinite sentence and does not allow the DRC to increase that sentence past the maximum imposed sentence, the trial court erred by finding that it violates the separation of powers, thus unconstitutional.

3. THE REAGAN TOKES LAW DOES NOT VIOLATE AN OFFENDER'S RIGHT TO DUE PROCESS

{¶ 16} The trial court, by adopting the *Oneal* opinion, found that the Reagan Tokes Law violates an offender's right to due process. Simmons argues that the trial court is correct because the Reagan Tokes Law does not provide adequate notice to him as to conduct that will trigger his incarceration past the presumptive release date, that DRC has unfettered discretion to continue and maintain custody of an offender after the presumed release date, and that the law as written does not guarantee a fair hearing.

{¶ 17} The Reagan Tokes Law creates a minimum term of incarceration as part of the indefinite sentence to be imposed, with a presumption of release of the offender after the minimum term is served. The *Oneal* opinion took exception with this provision, finding that the presumed release date created a liberty interest in the sentence and that the procedures in place for the DRC to hold a hearing to maintain custody of the offender violated the due process requirement of the Fourteenth Amendment.

{¶ 18} "When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication — and courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011). Assuming, without deciding, that Simmons has a cognizable liberty interest in a presumptive minimum term release date, the issue to be determined then is whether or not the Reagan Tokes Law impermissibly infringes on that interest.

{¶ 19} The Reagan Tokes Law provides for sentencing courts to impose an indefinite sentence on offenders committing qualifying offenses. There is no functional difference between these indefinite sentences and those indefinite sentences currently in place and that were common prior to the adoption of sentencing reforms pursuant to S.B. 2. "'Requiring a defendant to remain in prison beyond the presumptive minimum term is akin to the decision to grant or deny parole[,]'" which in Ohio is an executive function that does not involve the judiciary.

*Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, at ¶ 30, quoting *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, ¶ 17.

{¶ 20} In the context of parole proceedings, the United States Supreme Court has found that adequate due process is met for parole determinations when there is an opportunity to be heard and where an offender is provided a statement of the reasons why parole was denied. *Swarthout*, citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). "The Constitution," the court held, "does not require more." *Id.* The Ohio Supreme Court has held that "the fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." *Woods*, 89 Ohio St.3d at 513, 2000-Ohio-171, 733 N.E.2d 1103, citing *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

{¶ 21} The Reagan Tokes Law provides due process that comports with constitutional requirements. *Wilburn* at ¶ 36 – 37. Pursuant to R.C. 2967.271(E):

> The [DRC] shall provide notices of hearings to be conducted under division (C) or (D) of this section in the same manner, and to the same persons, as specified in section 2967.12 and Chapter 2930 of the Revised Code with respect to hearings to be conducted regarding the possible release on parole of an inmate.

Further, DRC is constrained in its ability to hold an offender past the minimum term. R.C. 2967.271(C)(1), (2) and (3) set forth very specific factors for the DRC to consider in determining whether an inmate may be imprisoned beyond his minimum release date, thereby limiting its discretion. Inmates are given adequate notice of the conduct that will lead to rule infractions or restrictive housing

assignments, factors that trigger the DRC to extend an inmate's minimum term of incarceration. Ohio Adm. Code 5120-9-06 sets forth inmate rules of conduct. Ohio Adm. Code 5120-9-08 provides detailed disciplinary procedures for inmate rule violations, with a hearing before the Rules Infraction Board and notice to the inmate of the hearing and an opportunity to appeal the decision of the board. Ohio Adm. Code 5120-9-10 sets forth the procedures for when and under what circumstances an inmate may be placed in and/or transferred to a restrictive housing assignment. These provisions of the Reagan Tokes Law provide adequate notice and an opportunity to be heard. *Wilburn* at ¶ 36.

{¶ 22} Contrary to *Oneal,* Hamilton C.P. No. B 1903562, 2019 WL 7670061, and to Simmons's arguments as to the discretion given to the DRC in determining whether an offender has met the criteria listed for continued custody, there is no due process requirement that the statutory scheme must give the decisionmaker a "hierarchy of misconduct" or a "guideline" as to "how each consideration shall be weighed" in determining whether an inmate's term can be continued beyond the minimum term of incarceration. The Ohio Supreme Court has observed that "for as long as parole has existed in Ohio, the executive branch (the APA and its predecessors) has had absolute discretion over that portion of an offender's sentence." *Woods* at 512. We find no reason to distinguish between the exercise of its discretion in determining parole matters and the DRC's discretion in determining whether an offender's minimum term of incarceration should be extended.

III.  CONCLUSION

{¶ 23} The Reagan Tokes Law creates an indefinite sentencing system for offenders who commit first-degree and second-degree felony offenses on or after March 22, 2019. The indefinite sentences imposed resemble the system of indefinite sentencing and parole that existed for most felonies prior to the adoption of S.B. 2 in 1996, and that, in fact, still exists for certain felonies. The Reagan Tokes Law does not violate the separation-of-powers doctrine nor does it violate an offender's right to due process. Because the trial court did not impose the sentence in accord with the provisions of the Reagan Tokes Law, we sustain the state's assignment of error, vacate the sentence imposed, and remand this matter to the trial court for resentencing.

{¶ 24} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR