[Cite as *State v. Smith*, 2022-Ohio-1667.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellant,            :

                                      No. 110677

    v.                                      :

CORDELL SMITH,                          :

    Defendant-Appellee.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 19, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649816-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel Van, Assistant Prosecuting Attorney,
*for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Robert B. McCaleb, Assistant Public Defender, *for
appellee.*

JAMES A. BROGAN, J.:

{¶ 1}     The state of Ohio, raising a single assignment of error, appeals from

the trial court's sentence imposed on defendant-appellee Cordell Smith ("Smith")

based on the trial court's finding the Reagan Tokes Law unconstitutional and declining to impose a sentence in accordance with the Reagan Tokes Law. For the following reasons, we reverse and remand.

**Factual and Procedural History**

{¶ 2} On April 21, 2020, a Cuyahoga County Grand Jury indicted Smith on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; and one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. The aggravated robbery charge also carried one- and three-year firearm specifications.

{¶ 3} On October 15, 2020, Smith pleaded guilty to an amended count of aggravated robbery, a felony of the second degree, with a one-year firearm specification. The three-year firearm specification and receiving stolen property charge were dismissed. The court referred Smith to the probation department for preparation of a presentence investigation report and set the sentencing hearing for November 12, 2020.

{¶ 4} Smith failed to appear for sentencing on November 12, 2020. The court continued sentencing until November 17, 2020. On November 17, 2020, Smith again failed to appear and the court issued a capias. The record in this case reflects that Smith was arrested on June 11, 2021. On July 14, 2021, the court sentenced Smith to one year on the firearm specification to be served prior to and consecutive with three years on the aggravated robbery charge. The court declined to impose an indefinite sentence pursuant to the Reagan Tokes Law.

**{¶ 5}** The state appealed the sentence, presenting one assignment of error for our review.

**Legal Analysis**

**{¶ 6}** In its sole assignment of error, the state of Ohio argues that the trial court erred when it declined to impose an indefinite sentence on Smith pursuant to S.B. 201, the Reagan Tokes Law.

**{¶ 7}** The question of whether the Reagan Tokes Law is constitutional was recently decided in this court's en banc opinion in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810; *State v. Simmons*, 8th Dist. Cuyahoga No. 109476, 2021-Ohio-939; and *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578. *Delvallie* at ¶ 17. Therefore, we find that the trial court was required to impose an indefinite sentence pursuant to S.B. 201 and the failure to do so constitutes error. Smith's sentence, therefore, is vacated, and the case is remanded for the imposition of a sentence pursuant to S.B. 201.

**{¶ 8}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES A. BROGAN, JUDGE*

ANITA LASTER MAYS, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

(*Sitting by assignment: James A. Brogan, J., retired, of the Second District Court of Appeals.)

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).