[Cite as *State v. Shepard*, 2022-Ohio-2776.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                                               No. 111162

    v.                                       :

TYSHAWN SHEPARD,                         :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 11, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-653555-A, CR-20-654029-A,
CR-20-654033-A, and CR-20-654172-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Kilbane McNally, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb, Assistant Public Defender, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} In this consolidated appeal, defendant-appellant, Tyshawn Shepard ("Shepard"), appeals from his sentence. He raises the following assignment of error for review:

> The trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

{¶ 2} After careful review of the record and relevant case law, we affirm Shepard's sentence.

## I. Factual and Procedural History

{¶ 3} In Cuyahoga C.P. No. CR-20-653555-A, Shepard pleaded guilty to drug possession in violation of R.C. 2925.11(A), a felony of the second degree. Over defense counsel's objection, Shepard was sentenced to an indefinite prison term of eight to twelve years under the Reagan Tokes Law.

{¶ 4} In Cuyahoga C.P. No. CR-20-654029-A, Shepard pleaded guilty to assault in violation of R.C. 2903.13(A), a felony of the fifth degree. Shepard was sentenced to a six-month term of imprisonment.

{¶ 5} In Cuyahoga C.P. No. CR-20-654033-A, Shepard pleaded guilty to burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree; and theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Shepard was sentenced to a 30-month term of imprisonment on the burglary offense, to run concurrently with a six-month term of imprisonment on the theft offense.

{¶ 6} In Cuyahoga C.P. No. CR-20-654172-A, Shepard pleaded guilty to burglary in violation of R.C. 2911.12(B), a felony of the fourth degree; burglary in violation of R.C. 2911.12(B), a felony of the fourth degree; attempted having weapons while under disability in violation of R.C. 2923.02 and 2923.13(A)(2), a felony of the fourth degree; misuse of credit cards in violation of R.C. 2913.21(B)(2), a felony of the fifth degree; and resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Shepard was sentenced a 12-month term of imprisonment on each burglary offense, a 12-month term of imprisonment on the attempted having weapons while under disability offense, a six-month term of imprisonment on the misuse of credit cards offense, and a 90-day term of imprisonment on the resisting arrest offense. Each sentence imposed in Case No. CR-20-654172-A was ordered to run concurrently, for a total prison term of 12 months.

{¶ 7} The aggregate sentences imposed in Case Nos. CR-20-653555-A, CR-20-654029-A, CR-20-654033-A, and CR-20-654172-A were ordered to run concurrently with each other.

{¶ 8} Shepard now appeals from the trial court's sentence.

## II. Law and Analysis

{¶ 9} In his sole assignment of error, Shepard argues the trial court erred in sentencing him under the Reagan Tokes Law, which became effective March 22, 2019. He contends the Reagan Tokes Law is unconstitutional because it violates the constitutional right to trial by a jury, separation-of-powers doctrine, and due process.

{¶ 10} As acknowledged by Shepard on appeal, the question of whether the Reagan Tokes Law is constitutional was decided in this court's en banc opinion in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble,* 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.); *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.); and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.). See *Delvallie* at ¶ 17. Because Shepard does not advance any novel argument left unaddressed by the *Delvallie* decision, we find the constitutional challenges presented in this appeal are overruled.[1]

{¶ 11} Shepard's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

---

[1] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.