[Cite as *State v. Eggleton*, 2022-Ohio-3671.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111244 |
| v. | : | |
| JOSHUA EGGLETON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 13, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-641632-A, CR-20-647524-A, and CR-20-653687-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Mallory Buelow, Assistant Prosecuting
Attorney, *for appellee*.

Robert A. Dixon, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Joshua Eggleton ("Eggleton"), appeals from his

sentence, raising the following assignment of error for review:

S.B. 201, (Reagan Tokes Act) is unconstitutional under the
constitutions of the State of Ohio and United States as it violates dues
process, separation of powers, and the right to trial by jury.

{¶ 2} After careful review of the record and relevant case law, we affirm Eggleton's sentence.

## I. Procedural and Factual History

{¶ 3} In Cuyahoga C.P. No. CR-19-641632-A, Eggleton pleaded guilty to two counts of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree; and single counts of assault in violation of R.C. 2903.13, a misdemeanor of the first degree; unauthorized use of a vehicle in violation of R.C. 2913.03(B), a felony of the fifth degree; criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the first degree; aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree; and abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree. At the time of sentencing, the trial court imposed an aggregate two-year prison term.

{¶ 4} In Cuyahoga C.P. No. CR-20-647524-A, Eggleton pleaded guilty to attempted domestic violence in violation of R.C. 2923.92 and 2919.25, a felony of the fifth degree. At the time of sentencing, the trial court imposed a nine-month prison term.

{¶ 5} In Cuyahoga C.P. No. CR-20-653687-A, Eggleton pleaded guilty to aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. Pursuant to the mandates of the Reagan Tokes Law (enacted through S.B. 201), the trial court imposed an indefinite sentence of six to nine years in prison.

{¶ 6} The sentences imposed in each case were ordered to run concurrently.

{¶ 7} Eggleton now brings this timely appeal.

## II. Law and Analysis

{¶ 8} In his sole assignment of error, Eggleton argues the trial court erred by imposing an indefinite sentence in Case No. CR-20-653687-A pursuant to the Reagan Tokes Law. He contends the Reagan Tokes Law is unconstitutional because it violates the state and federal constitutional provisions for separation of powers, due process, and equal protection.

{¶ 9} Consistent with the well-established precedent of this court, we find no merit to the constitutional challenges raised within this assigned error. The question of whether the Reagan Tokes Law is constitutional was decided in this court's en banc opinion in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble*, 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.); *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.); and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.). *See Delvallie* at ¶ 17. Because Eggleton does not advance any novel argument left unaddressed by the *Delvallie* decision, we find the constitutional challenges presented in this appeal are without merit.[1]

{¶ 10} Eggleton's sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

---

[1] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., and
EILEEN A. GALLAGHER, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.