[Cite as *State v. Allen*, 2023-Ohio-527.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111576 |
| v. | : | |
| MARIO ALLEN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 23, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-644840-A and CR-19-647303-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kerry A. Sowul, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
Aaron T. Baker, Assistant Public Defender, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Mario Allen ("Allen"), appeals from his sentence,

raising the following assignment of error for review:

> The trial court committed plain error when it found S.B. 201 to be
> constitutional and imposed an indefinite sentence pursuant to S.B. 201.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} On January 27, 2020, Allen was named in a four-count indictment in Cuyahoga C.P. No. CR-19-647303-A. He was charged with having weapons while under disability in violation of R.C. 2923.13(A)(2), with a forfeiture specification, and one-year and 18-month firearm specifications (Count 1); improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), with a forfeiture specification, and one-year and 18-month firearm specifications (Count 2); carrying a concealed weapon in violation of R.C. 2923.12(A)(2), with a forfeiture specification (Count 3); and receiving stolen property in violation of R.C. 2913.51(A), with a forfeiture specification (Count 4).

{¶ 4} On August 13, 2020, Allen was named in an eight-count indictment in Cuyahoga C.P. No. CR-19-644840-A. He was charged with three counts of rape in violation of R.C. 2907.02(A)(1)(b), with repeat-violent-offender specifications (Counts 1, 2, and 3); three counts of kidnapping in violation of R.C. 2905.01(A)(4), with repeat-violent-offender and sexual-motivation specifications (Count 4, 5, and 6); and single counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) (Count 7); and attempted gross sexual imposition in violation of R.C. 2923.02 and 2907.05(A)(4). The rape offenses contained a furthermore specification that Allen purposely compelled the victim, who was under the age of 13 at the time of each offense, to submit by force or threat of force. Similarly, the kidnapping offense

contained a furthermore specification that the victim was under the age of 18 at the time of each offense.

{¶ 5} On April 13, 2022, Allen agreed to retract his former pleas of not guilty and accept the terms of a negotiated plea agreement with the state. The purpose of the plea agreement was to resolve each of Allen's pending cases.

{¶ 6} In Case No. CR-19-647303-A, Allen pleaded guilty to having weapons while under disability, a felony of the third degree, with a forfeiture specification, and a one-year firearm specification (amended Count 1); and receiving stolen property, a felony of the fourth degree, with a forfeiture specification (Count 4). In Case No. CR-19-644840-A, Allen pleaded guilty to felonious assault, a felony of the second degree (amended Count 1); gross sexual imposition, a felony of the third degree (Count 7); and endangering children, a misdemeanor of the first degree (amended Count 8). In exchange for his guilty pleas, the remaining counts in each case were nolled.

{¶ 7} On May 9, 2022, a consolidated sentencing hearing was held. In Case No. CR-19-647303-A, the trial court sentenced Allen to one year in prison on the firearm specification attached to amended Count 1, to run prior and consecutive to a one-year term of imprisonment on the underlying felony offense of having weapons while under disability. Allen was further sentenced to a one-year term of imprisonment on the felony offense of receiving stolen property. The sentences were ordered to run concurrently, for an aggregate two-year prison term.

{¶ 8} In Case No. CR-19-644840-A, Allen was sentenced to an indefinite prison term of six to nine years on amended Count 1 in accordance with the Reagan Tokes Law (enacted through S.B. 201). Allen was further sentenced to a five-year term of imprisonment on Count 7, and time served on amended Count 8. The sentences imposed on amended Counts 1 and Count 7 were ordered to run consecutively to each other, but concurrent to the prison terms imposed in Case No. CR-19-647303 and Lake C.P. No. CR-20-001232.

{¶ 9} Allen now appeals from his sentence.

## II. Law and Analysis

{¶ 10} In the sole assignment of error, Allen argues the trial court erred by imposing an indefinite sentence pursuant to the Reagan Tokes Law. He contends the Reagan Tokes Law is unconstitutional because it violates his right to a trial by jury, the separation-of-powers doctrine, and his right to due process under the Ohio and United States Constitutions.

{¶ 11} In this case, Allen did not object to his sentence nor did he raise a constitutional challenge to the Reagan Tokes Law at his sentencing hearing. "'It is well established that "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court."'" *State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 21, quoting *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7.

**{¶ 12}** This court has declined to address constitutional challenges to the Reagan Tokes Law when defendants did not object to their sentences or otherwise raise the constitutionality of the act at their sentencing hearing. *See Jenkins* at ¶ 20-24; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 6-11; *State v. Hollis*, 8th Dist. Cuyahoga No. 109092, 2020-Ohio-5258, ¶ 47-54; *State v. Stone*, 8th Dist. Cuyahoga No. 109322, 2020-Ohio-5263, ¶ 6-10. However, "[e]ven if the [Allen] failed to object to the constitutionality of the statute at the trial-court level, appellate courts may still review a trial court decision for plain error." *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 14, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. In order to review for plain error "we require a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." *Buttery* at ¶ 7.

**{¶ 13}** Consistent with the well-established precedent of this court, we find no error, plain or otherwise. The question of whether the Reagan Tokes Law is constitutional was decided in this court's en banc opinion in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble*, 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.); *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.); and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.). *Delvallie* at ¶ 17. Because

Allen does not advance any novel argument left unaddressed by the *Delvallie* decision, we find the constitutional challenges presented in this appeal are without merit.[1]

**{¶ 14}** The sole assignment of error is overruled.

**{¶ 15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

_____
[1] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.