[Cite as *State v. Menefee*, 2023-Ohio-1142.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                     :

    Plaintiff-Appellant,        :

    v.                          :

No. 111793

CHARLES MENEFEE,                   :

    Defendant-Appellee.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** April 6, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-667535-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Daniel T. Van and Tasha L. Forchione, Assistant Prosecuting Attorneys *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender *for appellee*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellee, state of Ohio ("the state"), appeals the sentence imposed on defendant-appellee, Charles Menefee ("Menefee"), and claims the following error:

The trial court plainly erred when it did not reserve an indefinite sentence pursuant S.B. 201.

For the following reasons, we reverse the trial court's judgment in part, affirm it in part, and remand this case to the trial court for the limited purposes of imposing a reserved indefinite sentence on Menefee's burglary conviction as required by S.B. 201, the Reagan Tokes Law.

## I. Facts and Procedural History

{¶ 2} Menefee was charged with two counts of rape, one count of sexual battery, and one count of gross sexual imposition. Following discovery and after reaching a plea agreement with the state, Menefee pleaded guilty to one count of burglary, a second-degree felony, as amended in Count 1 of the indictment. Menefee also pleaded guilty to one count of gross sexual imposition, a fourth-degree felony, as alleged in Count 4 of the indictment. The remaining counts were nolled.

{¶ 3} The trial court sentenced Menefee to two years of community-control sanctions on both counts. On Menefee's burglary conviction, the sentencing entry further provides that "violation of the terms and conditions [of community-control] may result in more restrictive sanctions, or a prison term of 2 to 8 years as approved by law." On Count 4, the sentencing entry provides that "violation of the terms and conditions [of community control] may result in more restrictive sanctions, or a prison term of 6 to 8 months as approved by law." The trial court did not reserve an indefinite sentence on Menefee's burglary conviction, even though it was a second-degree felony. The state now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 4} R.C. 2953.08(B)(2) gives the state the right to appeal a sentence if it is contrary to law. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e), or (C)(4) or 2929.20(I); or (2) the sentence is "otherwise contrary to law." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34.

{¶ 5} A sentence that fails to impose a mandatory provision is contrary to law. *State v. McCalpine*, 8th Dist. Cuyahoga No. 110665, 2022-Ohio-842, ¶ 4, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21.

{¶ 6} The Reagan Tokes Law provides that certain first- and second-degree felonies are "qualifying offenses" subject to the indefinite sentencing scheme in R.C. 2929.14. Trial courts imposing prison terms on "qualifying offenses" are required to impose a stated minimum prison term, as provided in R.C. 2929.14(A)(2)(a), and an accompanying maximum prison term, as provided in R.C. 2929.144(B).

{¶ 7} Menefee pleaded guilty to one count of burglary, in violation of R.C. 2911.12, a second-degree felony. As defined in R.C. 2929.144, a "'qualifying felony of the first or second degree' means a felony of the first or second degree committed on or after the effective date of this section." R.C. 2929.144(A). It is undisputed that Menefee committed the offenses giving rise to this case in December 2021, after the effective date of R.C. 2929.144(A), which became effective on March 22, 2019.

Therefore, he pleaded guilty to an offense that is subject to the indefinite sentencing scheme set forth in R.C. 2929.14, and the trial court was required to reserve an indefinite sentence in accordance with the Reagan Tokes Law as part of his sentence, but it did not. The sentence is, therefore, contrary to law.

{¶ 8} Menefee argues we should nevertheless affirm the trial court's judgment because the Reagan Tokes Law is unconstitutional because it violates his constitutional right to a jury trial, his right to due process, and violates the separation-of-powers doctrine. However, the question of whether the Reagan Tokes Law is constitutional was decided by this court in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (en banc). In *Delvallie*, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble*, 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.); *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.); and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.). *Delvallie* at ¶ 17.

{¶ 9} Because the trial court failed to impose an indefinite sentence on Menefee's burglary conviction as required by the Reagan Tokes Law, the sentence is contrary to law. And since this court has held that the Reagan Tokes Law is constitutional, we sustain the state's sole assignment of error.

{¶ 10} Accordingly, we affirm Menefee's convictions but vacate the sentence imposed on Menefee's burglary conviction and remand this case to the trial court for the limited purpose of imposing an indefinite sentence on Menefee's burglary conviction as required by the Reagan Tokes Law.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., CONCURS;
EILEEN A. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION ATTACHED)

EILEEN A. GALLAGHER, J., CONCURRING

{¶ 11} I concur but am compelled to write separately to state that the law of this district is found in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.), wherein the Eighth District Court of Appeals sitting en banc found the Regan Tokes provisions of the Ohio sentencing laws to be constitutional. The continued finding by several trial courts that it is unconstitutional is folly.

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Administrative Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.). (Laster Mays, J., concurring in part and dissenting in part).