[Cite as *State v. Andreano*, 2023-Ohio-2044.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22 CA 00041 |
| CHRISTOPHER ANDREANO | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:        Appeal from the Guernsey County Court of Common Pleas, Case No. 20-CR-70


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        June 21, 2023


APPEARANCES:

For Plaintiff-Appellee

LINDSEY K. ANGLER
Prosecuting Attorney
BY: JASON R. FARLEY
Assistant Prosecutor
627 Wheeling Avenue
Cambridge, OH 43725

For Defendant-Appellant

GEORGE URBAN
116 Cleveland Avenue N.W.
Suite 808
Canton, OH 44702

*Gwin, P.J.*

{¶1} Defendant-appellant Christopher Andreano ["Andreano"] appeals his non-life felony indefinite sentence of seven years to ten and one-half years after a negotiated guilty plea in the Guernsey County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On April 8, 2022, the Guernsey County Grand Jury returned an Indictment charging Andreano in Count One with Aggravated Trafficking in methamphetamine, in an amount greater than or equal to fifty times bulk amount but less than one hundred times bulk amount, a felony of the first degree in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(1)(e) and in Count Two with Aggravated Possession of methamphetamine, in an amount greater than or equal to fifty times bulk amount but less than one hundred times the bulk amount, a felony of the first degree in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(d).

{¶3} By Judgment Entry filed July 6, 2022, the trial judge noted that a negotiated plea had been reached. [Docket Entry No. 70]. The judge scheduled a change of plea hearing for July 20, 2022.

{¶4} On July 20, 2022, Andreano informed the trial judge that he would plead guilty to Count One of the Indictment in exchange for the state dismissing Count Two of the Indictment. Plea T. at 4-6. The trial judge conducted a Crim. R. 11 colloquy with Andreano, Andreano withdrew his former plea of not guilty and entered a guilty plea. Andreano specifically reserved the right to file an appeal based upon the constitutionality of the felony non-life sentencing scheme commonly referred to as the Reagan Tokes Act.

Plea T. at 7-8.  The state did not object to the defense reserving the right to challenge the statute.  Id. at 8.

**{¶5}**    The trial judge accepted the plea, the reservation of the right to appeal and ordered the preparation of a Pre-sentence Investigation Report.  Plea T. at 39.

**{¶6}**    A sentencing hearing took place on September 29, 2022. The trial judge noted that Andreano has a prior criminal record.  Id. at 15-17; 23. Andreano was found to be in possession of almost one-half of a pound of methamphetamine.  Id. at 20.  Further, Andreano was paid to transport the drugs. Id. at 26-27.  Andreano was on probation for a similar offense in West Virginia at the time he was arrested for the offense in this case. Id. at 16-17.

**{¶7}**    When sentencing Andreano, the trial court applied the indefinite sentencing scheme set forth under the Reagan Tokes Act.  Under this law, when imposing prison terms for defendants found guilty of first- or second-degree-felony offenses committed on or after March 22, 2019, the sentencing court must impose an indefinite sentence with a stated minimum term as provided in R.C. 2929.14(A) and a calculated maximum term as provided in R.C. 2929.144. In applying the Reagan Tokes Act, and after considering the record, the oral statements, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, the trial court sentenced Andreano to an indefinite term of seven to ten and one-half years.

*Assignments of Error*

**{¶8}**    Andreano raises three Assignments of Error,

{¶9} "I. The Reagan Tokes Act Violates the Separation of Powers Since the Ohio Department of Rehabilitation and Corrections Determines the Length of a Person's Sentence.

{¶10} "II. The Reagan Tokes Act Violates Appellant's Constitutional Right To A Trial By Jury Because DRC As Opposed To A Jury Makes The Necessary Findings To Increase A Presumptive Sentence.

{¶11} "III. The Reagan Tokes Act Violates Appellant's Constitutional Right To Due Process Because It Fails to Provide Him With Adequate Notice and a Fair Hearing."

I, II & III.

{¶12} Because each of Andreano's Assignments of Error challenge the constitutionality of R.C. 2967.271 Non-life Felony Indefinite Prison Terms we shall address his assignments of error collectively.

{¶13} In his assignments of error, Andreano argues his indefinite prison term imposed pursuant to the Reagan Tokes Act, codified in R.C. 2967.271, violates his right to a jury trial, the doctrine of separation of powers, and due process principals under the federal and state constitutions.

{¶14} We rejected the same challenge in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, ¶ 6:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers.  We hereby

adopt the dissenting opinion in *Wolfe* as the opinion of this Court.  In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc.  *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; State *v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; State *v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; State *v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.  Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

**{¶15}**  We are aware that these issues are before the Ohio Supreme Court.  *See*, *State v. Hacker*, 3rd Dist., 2020-Ohio-5048, 161 N.E.3d 112, *appeal allowed in part,* 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 585, *State v. Simmons,* 8th Dist. Cuyahoga No. 109476, 2021-Ohio-939, 169 N.E.3d 728, *appeal allowed in part,* 163 Ohio St.3d 1492, 2021-Ohio-2270, 169 N.E.3d 728.[1]

**{¶16}**  Andreano's First, Second and Third Assignments of Error are overruled.

---

[1] Oral arguments were held before the Ohio Supreme Court in these cases on Jan. 11, 2023.

{¶17} The judgment of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur