[Cite as *State v. Anderson*, 2022-Ohio-3680.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                Court of Appeals No.  WD-22-013

      Appellee                                        Trial Court No.  2021CR0366

v.

James H. Anderson, II                              **DECISION AND JUDGMENT**

      Appellant                                        Decided:  October 14, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This is an appeal filed by appellant, James Anderson, II, from the January

31, 2022 judgment of the Wood County Court of Common Pleas.  For the reasons that

follow, we affirm the trial court's judgment.

**{¶ 2}** Appellant sets forth one assignment of error:

Sentencing under Reagan Tokes Act is unconstitutional as it improperly vests judicial powers in the Executive Branch.

## Procedural Facts

**{¶ 3}** On July 22, 2021, appellant was indicted in Wood County on two charges: one count of involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. The charges stem from appellant providing narcotics to N.L., who then died as the result of an overdose from using those drugs.

**{¶ 4}** On November 12, 2021, appellant pled guilty to one count of involuntary manslaughter. On January 28, 2022, appellant's sentencing hearing was held where his counsel objected, for the record, to the application of the Reagan Tokes Act, as a violation of appellant's due process rights and a violation of the separation of powers doctrine. Appellant was sentenced to a definite minimum prison term of 5 years and an indefinite maximum prison term of 7.5 years. Appellant appealed.

## Assignment of Error

**{¶ 5}** In support of his assignment of error, that the Reagan Tokes Act is unconstitutional, appellant presents an issue for review:

Does the Reagan Tokes Act violate the Federal and State of Ohio Constitutions by delegating to the Executive Branch the fact finding

2.

necessary to impose a sentence beyond the statutorily presumption without adequate protections for the criminal defendant? [sic]

{¶ 6} Appellant argues the Reagan Tokes Act is unconstitutional as it vests sentencing power in the executive branch, and it fails to afford him access to an attorney at any disciplinary hearing while he is in custody. Appellant claims the provision which allows the ODRC (Ohio Department of Rehabilitation and Corrections) to keep him past his presumptive release date violates his right to due process and the separation of powers doctrine. Appellant raises the following three questions:

1. Before the State of Ohio increases [appellant's] actual incarceration beyond the presumptive six (6) years, will the State have to prove to a jury, and beyond a reasonable doubt, their [sic] basis for keeping him confined in prison longer?

2. If a jury is not going to decide whether ODRC has a valid basis, will [appellant] at least have the benefit of a judge making the decision regarding a sentence increase?

3. If a judge will not decide the sentence increase, will [appellant] at least be presumed innocent, have an attorney, be able to confront witnesses, subpoena witnesses on his behalf, know that whomever is making this decision is required to give [appellant] the benefit of a reasonable doubt and have the right to appeal the decision to confine him

in prison longer, or be appointed counsel if ODRC decides to release him
at his minimum sentence and the State appeals?

Appellant answers these questions in the negative, and contends the constitution requires that these questions be answered in the affirmative.

{¶ 7} Appellant also asserts the separation of powers doctrine bars the executive branch of government from interfering in the administration of justice, as the administration of justice is a task assigned solely to the judicial branch of government. Appellant submits "[p]ermitting the Executive Branch to encroach into deciding whether a law has been broken and that [appellant] is the one who violated at law is a clear violation of the Separation of Powers Doctrine."

{¶ 8} Appellant maintains his procedural due process rights are violated if he is denied access to counsel at every disciplinary hearing, at the hearing to determine if he can be released at his minimum prison term, and at each hearing thereafter if he is not released.

**Law**

{¶ 9} In *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072, the constitutionality of the Reagan Tokes Act or Law ("Law") was challenged. Before we addressed that issue, we set forth a brief background of the Law:

Senate Bill 201-the * * * Law-became effective on March 22, 2019. The
Law "significantly altered the sentencing structure for many of Ohio's most

4.

serious felonies" by implementing an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date. * * * The Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The Law establishes a presumptive release date from prison at the end of the minimum term, but the * * * [ODRC] may rebut the presumption if it determines, after a hearing, that one or more factors apply, including that the offender's conduct while incarcerated demonstrates that he continues to pose a threat to society. R.C. 2967.271(B), (C)(1), (2) and (3). If ODRC rebuts the presumption, it may maintain the offender's incarceration for a reasonable, additional period of time, determined by ODRC, but not to exceed the offender's maximum prison term. R.C. 2967.271(D). *Id.* at ¶ 5.

{¶ 10} We then concluded the Law was constitutional, as the Law does not violate the separation of powers doctrine and the Law does not, on its face, violate an offender's right to due process. *Id.* at ¶ 20, 33-34. *See also State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620.

{¶ 11} In *State v. Eaton*, 6th Dist. Lucas No. L-21-1121, 2022-Ohio-2432, we again found the Law, on its face, does not violate the separation of powers doctrine or

5.

infringe upon an offender's due process rights. *Id.* at ¶ 143. With respect to the analysis of due process rights, the concurring opinion clarified "the review hearing under the * * * Law is not focused on whether the defendant's conduct 'justifies his release from confinement'- it is focused on whether the defendant's conduct justifies not releasing him from confinement." *Id.* at ¶ 147. The concurrence noted the "distinction is crucial because the presumption that the offender will be released on a date certain, after service of the minimum term-and the burden ODRC must meet to rebut this presumption-goes to the heart of why * * * the Law is more analogous to the decision to revoke parole or probation." *Id.*

{¶ 12} In *State v. Lamar*, 6th Dist. Wood Nos. WD-21-055, 056, 2022-Ohio-2979, ¶ 125, a majority of this court adopted the due process analysis set forth in the concurring opinion of *Eaton*, paragraphs 145 through 169.

**Analysis**

{¶ 13} Upon review, based on our reasoning and conclusions in the foregoing cases, we find the Law is not unconstitutional, as it does not improperly vest judicial powers in the executive branch of government. We further find application of the Law to appellant's felony sentence is not unconstitutional, as there is no violation of the separation of powers doctrine, nor is there a violation of appellant's right to due process. Accordingly, appellant's assignment of error is not well-taken.

6.

**{¶ 14}** For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                             _____
                                                       JUDGE

Christine E. Mayle, J.

Myron C. Duhart, P.J.                          _____
CONCUR.                                                     JUDGE

                                                        _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.