[Cite as *State v. McGowan*, 2022-Ohio-4124.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No.  S-20-020

    Appellee                                 Trial Court No.  19 CR 1116

v.

Matthew C. McGowan                      **DECISION AND JUDGMENT**

    Appellant                                Decided:  November 18, 2022

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Holtz, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This case is before the court on remand from the Ohio Supreme Court.

**I. Facts and Procedural Background**

{¶ 2} Appellant, Matthew McGowan, pleaded guilty to, and was convicted by the

Sandusky County Court of Common Pleas of, three counts of rape in violation of R.C.

2907.02(A)(1)(c).  At sentencing the trial court ordered appellant to serve a total

consecutive prison term of 30 to 35 years. Appellant appealed his convictions, raising as his sole assignment of error that "Appellant's consecutive sentence is not supported by clear and convincing evidence in the record." On February 12, 2021, this court affirmed appellant's convictions in *State v. McGowan*, 6th Dist. Sandusky No. S-20-020, 2021-Ohio-404.

{¶ 3} Thereafter, appellant filed a pro se application to reopen his direct appeal pursuant to App.R. 26(B). As part of his application to reopen, appellant argued that his appellate counsel was ineffective for failing to challenge the constitutionality of his indefinite prison sentence imposed under the Reagan Tokes law, R.C. 2967.271. On August 6, 2021, this court denied appellant's application to reopen, holding that appellate counsel was not ineffective because a challenge to the Reagan Tokes law would have been moot in accordance with our decision in *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, ¶ 14.

{¶ 4} Appellant appealed our August 6, 2021 denial of his application to reopen to the Ohio Supreme Court, which accepted review, and held the case for the decision in *State v. Maddox*. On April 27, 2022, the Ohio Supreme Court released its decision in *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, holding that constitutional challenges to the Reagan Tokes law were ripe for review. Thus, the Ohio Supreme Court remanded the August 6, 2021 denial of appellant's application to reopen to this court for

2.

consideration of appellant's argument that appellate counsel was ineffective for failing to raise the issue of the constitutionality of his sentence.

## II. Analysis

{¶ 5} In order to succeed on an App.R. 26(B) application for reopening, appellant must demonstrate that a genuine issue exists as to whether his appellate counsel was ineffective. App.R. 26(B)(5). To do so, appellant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10. That is, he "must prove that his counsel [was] deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Id.* at ¶ 11, quoting *State v. Sheppard*, 91 Ohio St.3d 329, 744 N.E.2d 770 (2001).

{¶ 6} In his application to reopen, appellant alleges that his appellate counsel was ineffective for failing to argue that the Reagan Tokes law is unconstitutional under both the United States and Ohio Constitutions.

{¶ 7} At the outset, we note that this court has now addressed the issue of the constitutionality of the Reagan Tokes law on several occasions, and after thorough review, has held that the law is constitutional. *See, e.g., State v. Stenson*, 2022-Ohio-2072, 190 N.E.3d 1240 (6th Dist.); *State v. Eaton*, 2022-Ohio-2432, 192 N.E.3d 1236 (6th Dist.).

3.

**{¶ 8}** Appellant, however, raises a new argument not addressed by our previous decisions. Specifically, appellant argues that the law violates due process because the Ohio Department of Rehabilitation and Corrections ("ODRC") has a financial interest in him remaining a prisoner, and thus it will not be a fair and impartial adjudicator of his parole hearing.

**{¶ 9}** "The Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution guarantee procedural due process." *Stenson* at ¶ 24. "If due process applies, the question becomes what process is due." *Id.*, citing *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.*, quoting *Morrissey* at 481. For purposes of our analysis in this case, we will presume that the level of process required in a Reagan Tokes hearing includes that the decision maker does not have a "direct, personal, substantial pecuniary interest in reaching a conclusion." *Tumey v. Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927) ("[I]t certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case.").

**{¶ 10}** In support of his argument, appellant cites *Caliste v. Cantrell*, 937 F.3d 525 (5th Cir.2019). In *Caliste*, the Fifth Circuit held that a criminal court's practice of using

4.

money generated from commercial surety bond fees to pay judicial expenses created a conflict of interest that violated the due process clause. In that case, under Louisiana law, 1.8 percent of a commercial surety bond's value is deposited in the court's Judicial Expense Fund. *Id.* at 526. The Judicial Expense fund, which was administered by the judges, did not pay judges' salaries, but it did pay the salaries of staff, such as secretaries, law clerks, and court reporters. The fund also paid for office supplies, travel, and other costs. *Id.* The bond fees contributed between 20 and 25 percent of the funding for the Judicial Expense fund. *Id.* The court found that while the judges making the bail decisions did not directly receive any money, they did receive substantial nonmonetary benefits such as the ability to hire and pay the judges' staff. *Id.* at 530. Ultimately, the court held that "[b]ecause he must manage his chambers to perform the judicial tasks the voters elected him to do, [the judge] has a direct and personal interest in the fiscal health of the public institution that benefits from the fees his court generates and that he also helps allocate. * * * The dual role thus may make the magistrate 'partisan to maintain the high level of contribution' from the bond fees." *Id.* at 531-532, quoting *Ward v. Village of Monroeville, Ohio*, 409 U.S. 57, 60, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972).

{¶ 11} We find the present situation to be distinguishable from *Caliste* in that there is no direct monetary benefit associated with the decision whether to hold a prisoner beyond his or her presumed release date. Consequently, the decisions of ODRC at Reagan Tokes hearings do not result in direct contributions to a fund that it then

5.

administers for its own benefit. Thus, we find that ODRC does not have a direct, personal, substantial pecuniary interest in reaching a conclusion against the release of a prisoner. As a result, we hold that the Reagan Tokes law does not create a conflict of interest that violates appellant's due process rights.

### III. Conclusion

{¶ 12} Because appellant has not demonstrated a reasonable probability that his proposed assignment of error would have been successful on appeal, we hold that his claim of ineffective assistance of appellate counsel must fail. Accordingly, appellant's App.R. 26(B) application to reopen his appeal is not well-taken, and is hereby denied. The costs associated with this motion are assessed to appellant in accordance with App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

                                              JUDGE

Thomas J. Osowik, J. _____

Gene A. Zmuda, J. _____
CONCUR.
                                              JUDGE

_____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.