[Cite as *State v. Rice*, 2023-Ohio-743.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-22-022

    Appellee                                 Trial Court No.  2021CR0598

v.

Christopher J. Rice                          **DECISION AND JUDGMENT**

    Appellant                                Decided:  March 10, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal of the judgment of the Wood

County Court of Common Pleas, sentencing appellant Christopher J. Rice to an aggregate

minimum prison term of 18 years with a maximum prison term of 21 years.  For the

reasons that follow, we affirm.

{¶ 2} On December 21, 2021, the state charged appellant in a ten-count indictment as follows:  Count 1: felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree; Count 2: domestic violence in violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree; Count 3: felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree; Count 4: domestic violence in violation of R.C. 2919.25(A) and(D)(4), a felony of the third degree; Count 5: felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree; Count 6: domestic violence in violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree; Count 7: felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree; Count 8: domestic violence in violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree; Count 9: domestic violence in violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree; and Count 10: domestic violence in violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree.

{¶ 3} All offenses were alleged to have been committed against the same victim, A.S.R., a family or household member.  Counts 1, 2, 3, and 4 were alleged to occur on or about June 1 to August 31, 2021.  Counts 5 and 6 were alleged to occur on or about December 1 to December 12, 2021.  Counts 7 and 8 were alleged to occur on or about December 5 to December 12, 2021.  Count 9 was alleged to occur on or about December 9, 2021.  Count 10 was alleged to occur on or about December 11, 2021.

2.

{¶ 4} On March 11, 2022, appellant entered a guilty plea to Counts 1, 3, and 5, each charging felonious assault, and Count 9, charging domestic violence. The state agreed to dismiss the remaining counts.

{¶ 5} On March 14, 2022, at sentencing hearing, the trial court imposed the following sentence: Count 1: a definite prison term of 6 years and an additional indefinite term of 3 years; Count 3: a prison term of 6 years; Count 5: a prison term of 6 years; Count 9: a prison term of 36 months. The trial court ordered the sentences for Counts 1, 3, and 5 to be served consecutively to one another and concurrent to the sentence in Count 9, for an aggregate prison term of 18 to 21 years. The trial court also ordered appellant to pay the costs of prosecution, and notified appellant his failure to make timely payments could result in an order to perform community service in lieu of costs.

{¶ 6} Appellant filed a timely appeal, setting forth the following assignments of error:

1. THE REAGAN TOKES LAW VIOLATES THE DOCTRINE OF SEPARATION OF POWERS AND DUE PROCESS.

2. THE TRIAL COURT'S ORDER FOR APPELLANT TO PAY COURT COSTS OR BE SUBJECT TO COMMUNITY SERVICE OR OTHER COURT ORDER FOR NONPAYMENT IS CONTRARY TO LAW.

{¶ 7} There is settled, controlling law as to both issues raised by appellant.

3.

{¶ 8} Appellant first challenges the constitutionality of the Reagan Tokes law, which provides for a definite minimum sentence and an additional, potential maximum sentence for qualifying offenses. He argues that R.C. 2967.271 violates both due process protections and the separation of powers doctrine.

{¶ 9} We have addressed appellant's argument regarding the constitutionality of the Reagan Tokes law on several occasions, and rejected such challenges to the constitutionality of the law. *State v. McGowan,* 2022-Ohio-4124, 201 N.E.3d 503 (6th Dist.), ¶ 7, citing *State v. Stenson,* 2022-Ohio-2072, 10 N.E.3d 1240 (6th Dist.); *State v. Eaton,* 2022-Ohio-2432, 192 N.E.3d 1236 (6th Dist.)

{¶ 10} In *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2022-Ohio-2606, we examined the same arguments raised by appellant in this case and rejected "Bothuel's challenges to the constitutionality of the Regan Tokes Law." *Bothuel* at ¶ 45.

{¶ 11} As to separation of powers, we relied upon our prior decisions in *State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620, *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072, and *State v. Eaton*, 2022-Ohio-2432, 192 N.E.3d 1236 (6th Dist.), in which we found that the Reagan Tokes Law does not violate the constitutional doctrine of separation of powers. *Bothuel* at ¶ 9. Further, we found that the Reagan Tokes Law does not violate due process on its face. *Id*. at ¶ 43. In so doing, the majority relied upon *Stenson* and the concurrence relied upon *Eaton*.

{¶ 12} In light of our decision in *Bothuel* and the prior cases issued by this court and cited therein, and given appellant's failure to raise any different or new challenges to

4.

the Reagan Tokes Law, we find no merit to appellant's arguments challenging the validity of his indefinite sentencing under the Reagan Tokes Law. Appellant's first assignment of error is, therefore, not well-taken.

{¶ 13} Appellant next challenges the provision under R.C. 2947.23, permitting a court to order community control in lieu of costs, as unlawful peonage. The judgment for court costs, required under R.C. 2947.23, is "akin to a civil judgment for money." *State v. Clinton,* 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 240. Appellant acknowledges he failed to challenge costs in the trial court.

{¶ 14} A trial court must "include in the sentence the costs of prosecution" and must "render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). Where, as here, the trial court imposes a prison term, the statute does not mandate notice of potential community control service in lieu of costs. *See* R.C. 2947.23(A)(1)(a)(i) (requiring notice "if the judge or magistrate imposes a community control sanction or other nonresidential sanction[.]"). A failure to provide this notice, however, does not "negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment[.]" R.C. 2947.23(A)(1)(b).

{¶ 15} A trial court may not order community service in lieu of costs until after holding a hearing and permitting evidence. R.C. 2947.23(B). A trial court also retains jurisdiction to waive, suspend, or modify the payment of costs "at the time of sentencing and at any time thereafter." R.C. 2947.23(C). In arguing unlawful peonage, appellant notes the requirements for nonpayment and hearing prior to an order to perform

5.

community service in lieu of costs. Furthermore, he does not claim any of these events occurred in his case, or that he has been ordered to perform community service. Instead, the record demonstrates the trial court imposed a lengthy prison term.

{¶ 16} Most recently, in *State v. Bishop,* 6th Dist. Wood No. WD-22-016, WD-22-017, 2023-Ohio-102, we addressed the issue of community service in lieu of court costs. We found the issue not ripe for review until a defendant failed to make payments, the trial court held a hearing to determine whether to impose community service, and the trial court ordered community service to satisfy the unpaid balance of court costs. *Bishop* at ¶ 15-16.

{¶ 17} Here, the facts concerning costs demonstrate appellant stands in the nearly identical position as the appellant in *Bishop,* as he has not been ordered to perform community service in lieu of court costs. Accordingly, appellant has yet to suffer any injury under R.C. 2947.23, his claim is not ripe for review, and we find appellant's second assignment of error not well-taken.

{¶ 18} Based on the foregoing, we affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of the appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

Christine E. Mayle, J.
CONCURS AND WRITES
SEPARATELY.

_____
JUDGE

**MAYLE, J.**

{¶ 19} I concur in the majority judgment, however, I write separately to clarify one point made by the majority in its disposition of Rice's due-process argument in his first assignment of error. Specifically, with respect to the majority's citation to *State v. Eaton*, 2022-Ohio-2432, 192 N.E.3d 1236 (6th Dist.), it should be noted that there was a lead decision (analogizing additional term hearings to parole/probation *release* decisions and finding that the procedural safeguards afforded defendants under the Reagan Tokes

7.

Law are sufficient to pass constitutional muster) and a concurring decision (analogizing additional term hearings to parole/probation *revocation* decisions and finding that while failing to set forth adequate process in the statute itself, the Reagan Tokes Law is nevertheless capable of being enforced in a manner consistent with the process due an offender). It is for the reasons detailed in the concurring decision that I believe Rice's assignment of error should be found not well-taken.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.