[Cite as *State v. Lacy*, 2023-Ohio-1923.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                           Court of Appeals No.  E-22-043

      Appellee                                     Trial Court No.  2021 CR 0173

v.

Mario Lacy, Sr.                                        **DECISION AND JUDGMENT**

      Appellant                                    Decided:  June 9, 2023

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**SULEK, J.**

## I. Introduction

**{¶ 1}** Appellant Mario Lacy, Sr., appeals the September 9, 2022 judgment of the

Erie County Court of Common Pleas which, following Lacy's guilty plea, sentenced him

to an indefinite prison term.  Lacy maintains that indefinite sentencing pursuant to the

Reagan Tokes Law, R.C. 2967.271, is unconstitutional because it violates his right to due

process, the separation of powers doctrine, and his right to trial by jury. For the reasons that follow, the trial court's judgment is affirmed.

## II. Relevant Background

{¶ 2} In the spring of 2021, Lacy was coaching a youth team in a basketball tournament when he got into an altercation with a parent inside the gymnasium. The confrontation eventually continued outside in the parking lot, with much of it recorded on video. Lacy, who was prohibited from carrying a firearm at the time, pulled out a gun and shot at the parent four times, causing serious physical harm. Lacy then fled the scene in his truck with his children. He disposed of the firearm in a nearby pond.

{¶ 3} Following these events, the Erie County Grand Jury indicted Lacy on three counts of attempted murder, two counts of felonious assault, one count of having weapons under disability, two counts of tampering with evidence, two counts of improperly handling firearms in a motor vehicle, one count of inducing panic, and three counts of endangering children.

{¶ 4} On June 14, 2022, Lacy pled guilty to: (1) one count of felonious assault, with an amended firearms specification; (2) one count of having weapons under disability; and (3) one count of inducing panic. In exchange, the state agreed to dismiss the remaining charges.

{¶ 5} On September 9, 2022, the trial court sentenced Lacy to serve an indefinite prison term of 6 to 9 years for the felonious assault, a mandatory 3 years for the firearm specification, 30 months for having weapons under disability, and 17 months for inducing

2.

panic. The trial court ordered all of the sentences to be served consecutively, for a total indefinite prison term of 155 to 191 months. It is from this sentencing decision that Lacy now appeals.

### III. Assignment of Error

{¶ 6} Lacy asserts the following assignment of error on appeal:

I. As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second degree qualifying felonies violate the United States and Ohio Constitutions. The court erred in issuing an indefinite sentence pursuant to the Act.

### IV. Analysis

### A. Due Process

{¶ 7} Lacy first argues that R.C. 2967.271 violates his right to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution by depriving him of adequate notice and a fair hearing.

{¶ 8} R.C. 2967.271(C) allows for the Ohio Department of Rehabilitation and Corrections (ODRC) to rebut a presumption of release after the minimum prison sentence has been served if, at a hearing, it is found that:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a

state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

{¶ 9} Here, the ODRC has not yet sought to extend Lacy's presumptive minimum sentence and therefore his claim is merely a facial challenge to the law. "When a statute is challenged on its face, the challenger must provide proof beyond a reasonable doubt that no set of circumstances exists under which the

statute would be valid." *State v. Eaton*, 2022-Ohio-2432, 192 N.E.3d 1236, ¶ 21 (6th Dist.). Lacy has not met this burden of proof.

{¶ 10} In support of his assignment of error, Lacy argues that there is a lack of notice due to the vague standards of "not been rehabilitated" and "pose a threat to society." This court has addressed these facial claims of vagueness regarding these phrases in *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2022-Ohio-2606, ¶ 42. This court reasoned that "'[a] facial challenge requires that the challenging party * * * show that the statute is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *Id.* at ¶ 43, quoting *State v. Carrick*, 131 Ohio St.3d 340, 2012-Ohio-608, 965 N.E.2d 264, ¶ 15. In holding that the facial claim of vagueness failed, this court concluded that "a standard *is* specified in the statute." (Emphasis sic.) *Id.*

{¶ 11} Lacy also argues that R.C. 2967.271 provides "no structure regarding the manner in which the hearing will be conducted" and therefore it violates his due process right to a fair hearing. Again, however, this is merely a facial challenge to the constitutionality of the law and this court has held that "R.C. 2967.271 does not, on its face, violate the constitutional right to due process because even though the specific procedures for the applicable 'hearing' are not set forth in the law itself, the law may ultimately be applied in a manner that is not unconstitutional." *State v. Printke*, 6th Dist. Lucas No. L-21-1233, 2022-Ohio-

5.

2981, ¶ 7, citing *State v. Stenson*, 2022-Ohio-2072, 190 N.E.3d 1240, ¶ 33 (6th Dist.).

{¶ 12} Therefore, Lacy has not established that R.C. 2967.271 violates his right to due process.

### B. Separation of Powers

{¶ 13} Lacy next argues that R.C. 2967.271 is unconstitutional as it violates the separation-of-powers doctrine by transferring sentencing authority from the judicial branch to the ODRC, an agency of the executive branch.

{¶ 14} In *Eaton*, this court addressed this same issue and concluded that R.C. 2967.271 did not violate the separation-of-powers doctrine, holding that a thirteen-year minimum and eighteen-year maximum sentence, with the option of parole at the ODRC's discretion, did not delegate sentencing authority to branches outside of the judiciary. *Eaton*, 2022-Ohio-2432, 192 N.E.3d 1236, at ¶ 60. *See also State v. Rice*, 6th Dist. Wood No. WD-22-022, 2023-Ohio-743; *State v. Anderson*, 6th Dist. Wood No. WD-22-013, 2022-Ohio-3680; *Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072; *State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620. Lacy's separation of powers argument is not well taken.

### C. Right to Trial by Jury

{¶ 15} Finally, Lacy argues that R.C. 2967.271 violates the Sixth Amendment to the United States Constitution because it permits an additional punishment for conduct not found by a jury. Like the issues above, this court has addressed an identical argument

6.

in *Bothuel* and found it unavailing. R.C. 2967.271 does not allow for the ORDC to extend the sentence beyond the maximum permitted by statute and imposed by the judiciary. *Bothuel* at ¶ 23; *State v. Williams*, 6th Dist. Lucas No. L-21-1152, 2022-Ohio-2812, ¶ 16. Thus, it is the trial court, not ODRC that determines Lacy's maximum possible punishment. Lacy has not been deprived of his right to a trial by jury.

### D. Summary

{¶ 16} In sum, Lacy has not demonstrated that R.C. 2967.271 is unconstitutional; the Act does not, on its face, deprive individuals of their right to due process, it does not violate the separation-of-powers doctrine, and it does not violate an individual's right to a trial by jury.

{¶ 17} Accordingly, Lacy's assignment of error is not well-taken.

### IV. Conclusion

{¶ 18} For the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Lacy is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                 _____

                                                                   JUDGE

Myron C. Duhart, P.J.

Charles E. Sulek, J.                 _____
CONCUR.                                                  JUDGE

                                        _____
                                                                     JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.